UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. BRABSON III,<br><br>Plaintiff,<br><br>v.<br><br>THE JOURNAL GAZETTE, et al.,<br><br>Defendants. | CAUSE NO. 1:23-CV-105-HAB-SLC |

OPINION AND ORDER

James E. Brabson III, a prisoner without a lawyer, filed a complaint. (ECF 1.) The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because he is proceeding without counsel, his allegations must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, he moves for leave to proceed in forma pauperis. (ECF 9.) This motion is unnecessary, however, because he was already granted leave to

proceed in forma pauperis in this case.[1] (ECF 5.) The motion will be denied as unnecessary.

Turning to the complaint, Mr. Brabson alleges that on March 4, 2023, while he was confined at the Allen County Jail awaiting trial, he was reading the Fort Wayne *Journal Gazette* when he came across a comic strip that he found offensive. He sues the newspaper and the writer of the comic strip seeking monetary damages and other relief.

The newspaper and comic strip writer are private parties, not state actors who can be sued for constitutional violations. *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Additionally, he does not have a right under the U.S. Constitution to read a newspaper that is free of content he finds objectionable. *See Mwangangi v. Nielsen*, 48 F.4th 816, 834 (7th Cir. 2022) (Easterbrook, J., concurring) ("[O]ur Constitution establishes negative liberties—the right to be free of official misconduct—rather than positive rights[.]"). Therefore, he has not alleged a plausible federal claim. He may be trying to assert state law claims against the defendants, as he mentions "defamation" and other torts, but without a viable federal claim, he cannot litigate such claims in federal court.[2]

---

[1] Mr. Brabson has not paid the initial partial filing fee assessed in March 2023. However, his motion reflects that he does not have sufficient funds to do so and because of a negative balance on his account, is unlikely to have the funds in the near future. The case will proceed to screening, but he is reminded that he remains obligated to pay the full filing fee over time. 28 U.S.C. § 1915(b)(2).

[2] He does not allege the citizenship of any party so as to invoke the court's diversity jurisdiction, and there is nothing to suggest complete diversity exists, as both Mr. Brabson and the newspaper are

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). That does not mean leave to amend must always be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* The court finds no basis to conclude that if given another opportunity, Mr. Brabson could assert a viable federal claim against a newspaper and comic strip writer regarding a cartoon he found offensive. Permitting him to amend would be futile.

For these reasons, the court:

(1) DENIES as unnecessary the plaintiff's motion for leave to proceed in forma pauperis (ECF 9);

(2) DISMISSES this case under 28 U.S.C. § 1915A; and

(3) DIRECTS the clerk to close the case.

SO ORDERED on August 2, 2023.

>                              s/Holly A. Brady
>                              CHIEF JUDGE HOLLY A. BRADY
>                              UNITED STATES DISTRICT COURT

---

located in Indiana. *See* 28 U.S.C. § 1332(a), (c); *see also Downs v. IndyMac Mortg. Servs., FSB*, 560 F. App'x 589, 591 (7th Cir. 2014) ("[E]ven pro se litigants must follow the requirements of complete diversity in federal court and identify the citizenship of each of the parties."). There is also no plausible basis to infer that he incurred in excess of $75,000 in damages as a result of reading a comic strip he found offensive. *See* 28 U.S.C. § 1332(a). To the extent he is asserting any state law claims, they are not before the court and are not adjudicated in this order.